IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| BARBARA FLETCHER, et al., | * | CASE NO. 3:16-cv-302 |
| | * | |
| Plaintiffs, | * | Judge Walter H. Rice |
| vs. | * | |
| | * | |
| HONEYWELL INTERNATIONAL INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

**STIPULATED PROTECTIVE ORDER**

The undersigned parties have agreed to a method for identifying, protecting and restricting the publication and use of confidential information, documents and testimony produced in discovery in this matter by both the parties and any third party producing documents pursuant to a subpoena. Therefore, with the consent of the parties,

IT IS HEREBY ORDERED THAT:

1.      Any producing party can designate as "CONFIDENTIAL" documents, information, or material the producing party believes in good faith are confidential within the meaning of Fed. R. Civ. P. 26(c) or federal law, such as private information about individual retirees and commercially sensitive information, including but not limited to Honeywell's bargaining strategy, financial information, and other competitively sensitive business information or data about Honeywell's operations.

2.      A producing party shall designate by:

    a.      Stamping or inscribing on each page the word "CONFIDENTIAL."

    b.      Designating portions of a deposition transcript or deposition exhibits, either during the deposition or by written notice to the court reporter and counsel within thirty calendar days after the reporter sends the final transcript. The court reporter shall be instructed to separately bind the

confidential information portion and to mark the caption page of such portion "CONFIDENTIAL." Any additional costs charged by the court reporter shall be fully-paid by the party asserting confidentiality.

    c.    For portions of interrogatory responses and responses to requests for admission, by stating in the body of a discrete response that it contains Confidential Information or Material. Only those discrete responses shall be deemed Confidential Information or Material.

3.    Inadvertent failure of a producing party to designate discovery material as "CONFIDENTIAL" shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information on the same or related subject matter. If discovery material containing confidential information is inadvertently produced without having been marked "CONFIDENTIAL," the producing party shall notify all parties who received that discovery material and provide a replacement copy. The receiving party shall return or destroy the original production copy of the inadvertently unmarked discovery material.

4.    "Confidential Information and Material" shall include any discovery material marked "CONFIDENTIAL" by the producing party, as well as the information contained therein and any summaries, copies, abstracts, or other materials derived in whole or in part from such information or material.

5.    Confidential Information and Material shall not be used by anyone for purposes other than the prosecution, defense, settlement or trial of this action or any related arbitration.

6.    Confidential Information and Material may be disclosed only to:

    a.    The named parties to this action;

    b.    Attorneys for a party who are working on this action, as well as their employees;

    c.    The Court, court personnel, court reporters, videographers, mediators, magistrates, or special masters, or arbitrators and support staff of any of these persons or entities;

2

      d.      Inside and outside support services and vendors employed by the parties for purposes of this litigation (including copy services, document management services, mailing services, contract attorneys, graphics services, and consulting services);

      e.      Expert witnesses and/or consultants retained by the parties;

      f.      Witnesses who might testify either in a deposition or in a hearing, but only to the extent the Confidential Information or Material is pertinent to their testimony or anticipated testimony.

7.      Before any Confidential Information and Material is disclosed by a receiving party to persons or entities specified in paragraphs 6(d)-(e), such person or entity shall be provided with a copy of this Order and shall sign Exhibit A, the Acknowledgment.

8.      Before any Confidential Information and Material is disclosed by a receiving party to persons specified in paragraphs 6(f), the fact witness shall be advised of the existence and terms of this Confidentiality Order.

9.      Nothing in this Order shall prohibit counsel for a party from disclosing a document designated "CONFIDENTIAL" to a person whom the document identifies as an author, addressee, or copy recipient. If a document makes reference to the actual or alleged conduct or statements of a third party or a person who is a potential witness, counsel may discuss such conduct or statements with such identified third party or witness.

10.      Nothing in this Order shall limit a producing party's ability to use or disclose its own Confidential Information or Material.

11.      Nothing in this Order shall prohibit disclosure and use of Confidential Information or Material if each producing party consents to such disclosure and use, or if the Court, after notice to all affected parties, authorizes such disclosures.

12.      If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information and Material to any person or entity or in any circumstances not

3

authorized by this Order, the receiving party must immediately (a) notify the designating party of all such unauthorized disclosures or uses; and (b) use its best efforts to retrieve all copies of the Confidential Information and Material.

13.    A party may object to the designation of particular discovery material as "CONFIDENTIAL" by giving email notice to the producing party. The email notice shall identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file a motion for a protective order within 14 days of the email notice. If a motion is timely filed, the disputed information shall be treated as Confidential Information and Material under the terms of this Order until the Court rules. If the designating party fails to file a motion within the 14-day period, the disputed information shall lose its "CONFIDENTIAL" designation. In connection with a motion, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential under Rule 26(c).

14.    The party seeking to file Confidential Information or Material with the Court shall seek permission to file it under seal in accordance with Local Rule 5.2.1 and Sixth Circuit precedent.

15.    While each party will make appropriate efforts to identify and withhold from production any documents or material that such party believes are privileged or otherwise protected from disclosure, there is a possibility that privileged or otherwise protected material may be produced. The production of privileged documents, or documents otherwise protected from disclosure, such as work-product protected documents, whether inadvertent or otherwise, is not a waiver, either as to the specific information therein or the same or similar subject matter, of

the privilege or protection from discovery in this case or any other federal or state proceeding with the maximum protection permitted under Federal Rule of Evidence 502(d). The receiving party shall return any produced documents and materials subsequently identified as being privileged or otherwise protected from disclosure within ten (10) days of receiving a written request from the producing party. At that time, if the receiving party disputes the privilege or protection for disclosure, the receiving party shall so notify the producing party in writing.

16. No party waives any right to object to disclosing or producing any document, information, or item on any ground. Similarly, no party waives any right to object on any ground to the use in evidence of any Confidential Information and Material.

17. This Order does not constitute a stipulation by the receiving party that any documents designated as confidential are in fact confidential or are entitled to protection under Rule 26 or otherwise.

18. Nothing in this Order shall prevent a party from seeking further protections for Confidential Information or Material or from seeking relief from the terms of this Order, provided, however, that prior to such application the parties shall make an effort to resolve the matter by agreement.

19. Within sixty (60) days after a judgment in or dismissal or other resolution of this action becomes final and non-appealable, the Receiving Party shall return to the Producing Party all Confidential Information or Material in its possession or the possession of Qualified Persons specified in paragraphs 6(d)-(e), or certify that all such Confidential Information or Material has been destroyed, provided, however, that attorneys for any party may retain court papers, deposition, hearing, and trial transcripts, and attorney work product, as well as one set of the material produced in this action (with the exception of protected health information, which must

be returned or destroyed). The restrictions on dissemination and use of Confidential Information or Material hereunder shall survive the termination of this action.

20. The Court retains jurisdiction for purposes enforcement of this Order.

**IT IS SO ORDERED:**


Date: 9-20-16

_____
UNITED STATES DISTRICT JUDGE


**SO STIPULATED AND APPROVED**
**FOR ENTRY:**

/s/ William Wertheimer
William Wertheimer (P26275)
LAW OFFICE OF WILLIAM WERTHEIMER
30515 Timberbrook Lane
Bingham Farms, MI 48025
Telephone: (248) 644-9200
Email:   billwertheimer@gmail.com

Stuart M. Israel (P15359)
John G. Adam (P37205)
LEGGHIO & ISRAEL, P.C.
306 South Washington
Suite 600
Royal Oak, MI 48067
Telephone: (248) 398-5900
Email:   Israel@legghioisrael.com
              jga@legghioisrael.com

*Attorneys for Plaintiffs*

/s/ Charles J. Faruki
Charles J. Faruki (0010417)
   Trial Attorney
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
110 North Main Street
Suite 1600
Dayton, OH  45402
Telephone:  (937) 227-3705
Telecopier:  (937) 227-3717
Email:     cfaruki@ficlaw.com
           dburton@ficlaw.com


K. Winn Allen (*pro hac vice*)
Jennifer M. Bandy (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 879-5078
Email:     winn.allen@kirkland.com
           jennifer.bandy@kirkland.com

*Attorneys for Defendant*
*Honeywell International Inc.*

EXHIBIT A

Acknowledgment

I received, read, and understand the attached Stipulated Confidentiality Order in *Fletcher, et al. v. Honeywell International Inc.*, Case No. 3:16-cv-302 (S.D. Ohio) and agree to be bound by its terms.

Signature

_____

Name

_____

Company

_____

Job Title

_____

Address

_____

_____

Date

_____

1080308.1