IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARBARA FLETCHER, et al., :

    Plaintiffs, 

  v. :   Case No. 3:16-cv-302

HONEYWELL INTERNATIONAL, :   JUDGE WALTER H. RICE
INC.,

    Defendant. :

---

ORDER RULING ON OBJECTIONS
TO DESIGNATED DEPOSITION TESTIMONY

---

At the evidentiary hearing, held on January 30-31, 2017, the Court ruled on all objections to the testimony of the live witnesses. Still pending are the parties' objections to the designated deposition testimony of Edward Thompson, Steve Shelton, Rick Hancock and Robert McKeage.

In ruling on the merits of Plaintiffs' claims, the Court has not relied upon, nor cited in the Opinion and Order, any of the portions of the testimony of Thompson or Shelton to which it would have sustained the objections raised. Likewise, the Court has not relied upon, nor cited in the Opinion and Order, any of the portions of the testimony of Hancock or McKeage to which it would have sustained the objections raised. The Court has, however, relied upon and cited certain portions of the deposition testimony of Hancock and McKeage to which it overrules the objections raised for the reasons set forth below.

Federal Rule of Civil Procedure 32(a)(1) provides as follows:

> (1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
> (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a)(1).

The Court further notes that objections to deposition testimony must be stated concisely and noted on the record. Fed. R. Civ. P. 30(c)(2). An objection is waived if: (i) it relates to the manner of taking the deposition, the form of a question or answer . . . or other matters that might have been corrected at that time; and (ii) it is not timely made during the deposition." Fed. R. Civ. P. 32(d)(3)(B).

"Form" objections include a broad category of objections, such as objections that the question is too broad, compound or ambiguous, that it has been asked and answered, that it calls for speculation, is argumentative, assumes facts not in evidence, calls for an opinion from a witness who is not qualified to give one, or is leading under circumstances where leading questions are not permitted. *See Boyd v. Univ. of Md. Med. Sys.*, 173 F.R.D. 143, 147 (D. Md. 1997) (citing 1 Michael H. Graham, *Handbook of Federal Evidence* H 611.15-611.22 (4th ed. 1996)); *NGM Ins. Co. v. Walker Const. & Dev., LLC*, No. 1:11-cv-146, 2012 WL 6553272, at *2 (E.D. Tenn. Dec. 13, 2012).

The Court notes that both parties have raised "after-the-fact" objections on many of these grounds. Doc. #48-1. To the extent those objections were not made on the record at the depositions, the Court considers them to be waived.

To the extent that counsel made a generic objection to "form," but failed to specify the basis for the objection, the Court also considers those objections to be waived. *See Henderson v. B & B Precast & Pipe, LLC*, 4:13-CV-528 CDL, 2014 WL 4063673, at *1 (M.D. Ga. Aug. 14, 2014) ("[I]f a question is propounded in an improper form, the objection should be stated concisely on the record during the deposition in a manner that provides the questioner with a reasonable opportunity to correct the form of the question.... When 'objection to form' does not indicate what is wrong with the form so that the questioner can correct the problem, it becomes nothing more than a statement that the objector finds the question 'objectionable.'"); *Sec. Nat. Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595, 601-602 (N.D. Iowa 2014), *rev'd on other grounds sub nom. Sec. Nat. Bank of Sioux City, IA v. Day*, 800 F.3d 936 (8th Cir. 2015) (holding that broadly challenging the "form" of a question is insufficient to preserve the objection).

Discussed below are the *remaining* objections to the portions of deposition testimony relied upon by the Court in its Opinion and Order.

## I. Robert McKeage's Deposition Testimony

Plaintiffs object to the following testimony from Robert McKeage's deposition:

3

```
3      Q.     During the 2000 negotiations, did you
4             ever hear anyone from the UAW say that they
5             understood retiree healthcare benefits to be
6             lifetime or vested benefits?
7      A.     No.
8      MR. ADAM: Objection, leading, lack of
9             foundation.
10     THE WITNESS: No, I didn't.
```

McKeage Dep. at 145.

Given McKeage's testimony that he was present at the bargaining table during the 2000 negotiations, an adequate foundation was laid. This is not a leading question. It required a simple yes or no answer and did not suggest the answer the witness should give.

Immediately thereafter, counsel asked:

```
12     Q.     If such a statement had been made, how
13            would you have responded?
14     MR. ADAM: Objection, leading, calls
15            for speculation, assumes facts not in
16            evidence.
17     THE WITNESS: I would have clarified,
18            you know, that it was not really my authority
19            to agree to any lifetime benefits with regard
20            to retiree healthcare.
```

McKeage Dep. at 145.

Again, this is not a leading question because it does not suggest the answer that the witness should give. In the context presented here, the Court overrules Mr. Adam's objection that the question calls for speculation. The question was asked to rebut Plaintiffs' claim that Buzz Fink expressly stated at the bargaining table that he wanted surviving spouses to have lifetime benefits just like the

retirees themselves had, and that this information was included in the chart created by Sharon Meadows.

Plaintiffs also object to the following:

```
19   Q.    If the UAW had made a formal proposal
20         to provide lifetime healthcare to retirees during
21         2000 bargaining, what would the company's response
22         have been?
23   MR. ADAM: Same objection, also calls
24        for improper speculation.
25   THE WITNESS: The answer would have
 1        been no.
```

McKeage Dep. at 148-149.  This objection is overruled for the same reason stated above.  The question was asked to rebut Plaintiffs' claim that this topic was discussed at the bargaining table.

Next, Plaintiffs object to the following:

```
12   Q.    Did Mike Rihm ever tell you that it was
13         his understanding that retirees were entitled to
14         lifetime or vested healthcare benefits?
15   MR. ADAM: Objection, hearsay --
16        leading, but hearsay, but --
17   THE WITNESS: No, I'm not.
18   BY MR. ALLEN:
19   Q.    Did Mike Rihm ever tell you that it was
20         the union's position that retirees were entitled to
21         lifetime or vested healthcare benefits?
22   MR. ADAM: Objection are leading, lack
23        of foundation.
24   THE WITNESS: No.
```

McKeage Dep. at 150.

In a similar vein, Plaintiffs object to the following;

```
24   Q.    To your knowledge, did Mike Rihm have
25         authority from Honeywell to agree to bargaining
```

5

```
1         proposals from the UAW?
2    A.   Absolutely not.
3    Q.   To your knowledge, did Mike Rihm have
4         authority from Honeywell to represent to the union
5         that he thought retiree healthcare benefits were
6         vested or lifetime benefits?
7    MR. ADAM: Objection, leading, lack of
8         foundation.
9    THE WITNESS: Absolutely not.
```

McKeage Dep. at 152-153.

Again, because these questions do not suggest the answer to be given, they are not leading questions. Moreover, because McKeage participated in the negotiations and testified about Mike Rihm's role at Honeywell and in those negotiations, an adequate foundation was laid. The hearsay objection on page 150 is overruled because McKeage was not being asked to repeat what Rihm had told him.

Plaintiffs also object to the following:

```
17   Q.   During the 2000 bargaining in
18        Greenville, did Mr. Rihm . . . have the
19        authority to state the position of the company with
20        regard to proposals?
21   MR. ADAM: Objection, leading, lack of
22        foundation.
23   THE WITNESS: No, they didn't.
24   BY MR. ALLEN:
25   Q.   During the 2000 bargaining at
1         Greenville, did Mr. Rihm . . . have
2         authority to agree to lifetime healthcare benefits
3         for retirees?
4    MR. ADAM: Objection, leading, lack of
5         foundation, assumes facts not in evidence.
6    THE WITNESS: No, they didn't.
```

McKeage Dep. at 159-160.

For reasons previously stated, the Court finds that an adequate foundation was laid by counsel, and that these are not leading questions.  The basis for counsel's objection that the second question "assumes facts not in evidence" is not clear; accordingly, the objection is overruled.

Plaintiffs next object to the entire line of questioning on pages 165-168 in which Honeywell's counsel asked McKeage about his understanding and intent concerning the vesting of retiree healthcare benefits.

```
5     Q.    And at the time you signed the
6           contract, what was your understanding as to what
7           impact, if any, the expiration of the contract would
8           have on retiree healthcare benefits?
9     MR. ADAM: Objection, leading, calls
10          for speculation.
11    THE WITNESS: That the benefit would
12          end.
13    BY MR. ALLEN:
14    Q.    Let's go back to page 51, if we can.
15          And looking at paragraph E, Mr. McKeage, do you see
16          that?
17    A.    Yes.
18    Q.    At the time you signed the 2000
19          contract, did you understand paragraph E on page 51
20          to obligate Honeywell to provide lifetime healthcare
21          benefits to retirees?
22    MR. ADAM: Objection, leading, lack of
23          foundation.
24    THE WITNESS: No, I don't believe it
25          said there was any lifetime benefits for
1           healthcare coverage for retirees.
2     BY MR. ALLEN:
3     Q.    Separate and apart from what the
4           contract says, was it your understanding at the time
5           you signed this contract that paragraph E on page 51
6           obligated Honeywell to provide lifetime healthcare
7           benefits to retirees?
```

7

```
8     MR. ADAM: Objection, leading, lack of
9         foundation.
10    THE WITNESS: No.
              * * *
24    Q.    At the time you signed the 2000
25          contract, was it your -- strike that.
1           At the time you signed the 2000 CBA,
2           was there anything in the contract that, in your
3           understanding, obligated Honeywell to provide
4           lifetime healthcare benefits to retirees?
5     MR. ADAM: Objection, leading, lack of
6         foundation.
7     THE WITNESS: No.
8     BY MR. ALLEN:
9     Q.    Mr. McKeage, Plaintiffs have argued in
10          this case that paragraph E obligates Honeywell to
11          provide lifetime healthcare to retirees.
12          How do you respond to that?
13    MR. ADAM: Objection, leading, lack of
14        foundation, argumentative.
15    THE WITNESS: No, I don't see that this
16        proposal from the union had nothing to do with
17        the retired healthcare benefit. It had to do
18        with the surviving spouse and dependent
19        children.
              * * *

12    Q.    And at the time you signed the 2000
13          CBA, did you understand or intend that the contract
14          promised lifetime healthcare benefits to retirees?
15    MR. ADAM: Objection, leading, lack of
16        foundation.
17    THE WITNESS: No, I didn't.
```

McKeage Dep. at 165-168.

As the Court explained at the hearing, because the contract language is ambiguous, testimony concerning the understanding and intent of the parties who negotiated the contract language is highly relevant to resolving the ambiguity, and is admissible for that purpose. The first question asked does not call for

speculation; it merely asks McKeage to explain his understanding of the duration of Honeywell's obligation to provide retiree healthcare benefits.

The questions asked by Honeywell's counsel do not suggest the answer to be given; therefore, they are not leading.  Moreover, counsel laid an adequate foundation for these questions by establishing McKeage's key role in the 2000 negotiation process.  The Court does not find that counsel's question asking McKeage to respond to Plaintiffs' stated position concerning interpretation of the contract language is argumentative.  These objections are therefore overruled.

## II.   Rick Hancock's Deposition Testimony

Although Rick Hancock was employed as a human resources manager at Honeywell, his deposition testimony was presented by Plaintiffs, because Hancock agrees with them that Greenville retirees have lifetime healthcare benefits.

Honeywell objects to the Court's consideration of the following portions of Hancock's deposition testimony:

```
15   Q    So you understood that retiree health care at Greenville,
16        under the Greenville CBA, was a lifetime benefit?
17   MR. ALLEN: Same objection; form, foundation.
18   A    Yes.
```

Hancock Dep. at 45.

```
3    Q    So your understanding that retirees had lifetime health care
4         came from discussions with Buzz Fink?
5    A    Yes. And I should -- and with Becky Silcott, because Becky,
6         my hourly administrator, she was actually a card carrying
7         member of UAW and represented member of Local 2143.
8    Q    And she also explained, when you got there, that retirees
```

9

```
 9          had lifetime health care?
10      A   Yes.
```

*Id.* at 46.

```
25      Q   Okay. So if you were -- if you were told by Buzz or others
 1          that it was a lifetime benefit, this provision would be
 2          consistent with that understanding, isn't it?
 3          MR. ALLEN: Objection; form and foundation.
 4      A   Under this circumstance, yes.
```

*Id.* at 46-47.

```
17      Q   So in order to retain the lifetime retiree health care, they
18          needed to retire before that cutoff date?
19          MR. ALLEN: Object to form.
20      A   Yes.
21      Q   And wasn't that one of the ways that Honeywell was able to
22          help sell this contract to the UAW, and get it ratified?
23          MR. ALLEN: Object to form and foundation.
24      A   Yes.
```

*Id.* at 47.

```
18      Q   Upon the death of the retiree, you understood that this
19          means until -- that the retiree has it for his or her
20          lifetime; correct?
21          MR. ALLEN: Object to form, foundation.
22      A   Yes.
23      Q   In other words, another way of saying lifetime is to say
24          until death. Do you agree?
25      A   Yes. But just to be clear, we didn't negotiate this. This
 1          was carry-over language.
 2      Q   Okay. But that was in the contract that you -- that
 3          language was continued over and kept in the 2011; right?
 4      A   No, we were silent on it. Yes.
 5      Q   Well, the premises -- isn't it true the premise of the
 6          negotiations with respect to the retiree health care was if
 7          the Greenville employees retired, they would have -- they
 8          would get lifetime health care before the window date;
 9          right?
10      A   That's what I understood, yes.
```

```
11    Q    And that's why extending the window was an important
12         negotiating point, wasn't it?
13    MR. ALLEN: Object to form.
14    A    Again, if it would have been up to the company, we wouldn't
15         have had a window.
```

*Id.* at 66-67.

Counsel's objections to lack of foundation are overruled. Given Hancock's previous testimony that he was Honeywell's chief negotiator for the 2011-2014 CBA, and his testimony about how he came to understand that retiree healthcare benefits were vested, and how this understanding formed the basis for the window of opportunity that he created, the Court finds that counsel laid an adequate foundation.

Counsel's hearsay objection with respect to pages 46-47 of the deposition concerning Hancock's discussions with Buzz Fink and Becky Silcott are overruled. The statements are not offered for the truth of the matter asserted, but rather to show that they were made, and that they formed the basis for Hancock's belief that retiree healthcare benefits were vested.

Counsel's objections to the form of the questions are overruled as well. True, the questions are leading. Normally, counsel cannot ask leading questions on direct examination. However, it is permissible where, as here, a party calls "a witness identified with an adverse party." Fed. R. Evid. 611(c). Because leading questions by Plaintiffs' counsel would be permissible if Hancock were testifying on direct examination at trial, the

11

Court overrules Honeywell's objections to consideration of this deposition testimony. *See* Fed. R. Civ. P. 32(a)(1)(B).

Date: February 28, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE